# In the United States Court of Federal Claims

No. 22-330C
(Filed: August 23, 2022)
**NOT FOR PUBLICATION**

```
*****************************************
ARTHUR LOPEZ,                           *
                                        *
              Plaintiff,                *
                                        *
v.                                      *
                                        *
THE UNITED STATES,                      *
                                        *
              Defendant.                *
                                        *
*****************************************
```

## OPINION AND ORDER

Plaintiff Arthur Lopez — proceeding *pro se* — seeks monetary relief on claims arising from loss of his house. *See* Compl. at 4 (ECF 1). The government has moved to dismiss. *See* Def.'s Mot. to Dismiss (ECF 14); Pl.'s Resp. (ECF 17); Def.'s Reply (ECF 20). The motion is **GRANTED**, and the case is **DISMISSED**.

Plaintiff alleges that the loss of his house involved a taking of property without the just compensation required by the Fifth Amendment. This Court has jurisdiction over takings claims. But Plaintiff must plead facts that — if taken as true — would plausibly "establish that [a] government action caused the injury." *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1362 (Fed. Cir. 2018); *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004); *see generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff provides no such facts.

At most, he pleads that a former federal official was on the board of a bank that deprived him of his property. Assuming that is true — and making allowances for Plaintiff's *pro se* status, *see Scott v. United States*, 134 Fed. Cl. 755, 758 (2017) — it does not support a reasonable inference that the government itself took any action. *Iqbal*, 556 U.S. at 678. The United States, moreover, is "the *only* proper defendant for any matter before this [C]ourt," *see Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)), so Plaintiff cannot proceed in this case against either the bank or the former federal official.

In his response to the motion to dismiss, Plaintiff refers to an alleged conspiracy between the United States and the bank. Pl.'s Resp. at 5. Even forgiving

Plaintiff's failure to present those theories in his Complaint, "the allegations are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

Another problem with the Complaint is that "[a] takings claim must be premised on otherwise lawful government action." *Scott*, 134 Fed. Cl. at 764. Plaintiff argues that his property was taken illegally. Pl.'s Resp. at 5–6. That precludes Plaintiff from pursuing a takings theory as well.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
